88   239
26a   56

## REBECCA LIGHT

*v.*

## DAVID SCOTT.

1. TRUST—*whether created, or a mere power.* Where a woman, in contemplation of marriage, indorsed certain notes held by her, on her children, to one son, and, by a separate instrument in writing, declared him to be her attorney and trustee to retain the custody and complete control of such notes, and directed him to keep the same, and whenever, in his judgment, her wants required the interest on the notes, or any part thereof, that he collect, in equal amounts, from the makers, whatever sum was necessary for her wants, and pay the same to her, and, upon her death, to return the notes to the makers, it was *held*, that the instrument was not only a power of attorney, but also created a complete trust, which she could not revoke at pleasure, and that it made the son not only trustee for her own benefit, but also for the benefit of the makers of the notes.

2. SAME—*revocation.* Where a party makes another trustee of notes indorsed and delivered by her to him, not only for her own benefit, but also for the benefit of the makers of the notes, the trustee being one, she can not revoke the same, nor will a court of equity revoke the same, where no abuse of the trust is shown, and it is a perfectly created one.

3. PROMISSORY NOTE—*construed.* A promissory note, payable three years after date, with ten per cent interest, to be paid semi-annually, with a provision added that the principal is not to be paid, unless necessary for the support of the payee, obligates the maker to pay the interest absolutely and unconditionally, and the principal, if shown to be necessary for the support of the payee.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was a bill in chancery, brought by the plaintiff in error, against the defendant, setting forth that Samuel Scott died in 1869, in Edgar county, in this State, leaving ten children his heirs at law, defendant being one, and complainant his widow, and an estate amounting to about $150,000; that in the settlement of the estate, it was agreed that complainant, in part of her interest therein, should receive ten promissory notes, of $500 each, one from each heir, which were accordingly given, of the following tenor, the others varying only in signatures:

"*Paris, Ill., February* 8, 1871.

"Three years from date, we, or either of us, promise to pay Rebecca Scott the sum of $500, with ten per cent interest, to be paid semi-annually. It is understood that the principal of this note is not to be paid, unless it shall be necessary for the support of the said Rebecca Scott, and that the holder hereof may collect the said interest semi-annually, by suit or otherwise, and if by suit, that reasonable attorney's fees may be collected in addition thereto.

ISAAC SCOTT,
DAVID SCOTT."

That about August 29, 1872, complainant placed the ten notes in the hands of defendant, for safe keeping, and to collect them according to their terms, and also two other notes, for $65 and $360, respectively, for collection; that in October, 1873, she executed a power of attorney to him for the purpose aforesaid; that about December 1, 1874, defendant, knowing that complainant was contemplating marriage with David

Light, her present husband, came to her and falsely and fraudulently represented to her that if she did not assign over to him the ten notes, David Light and his family would get all her property, and that her husband would be entitled to one-third of her property, and the control of all of it, including the notes, and that defendant could not collect the notes unless she assigned them to him, and that he promised to collect the same, and that he would return them to her when she requested him to do so; that complainant was at that time seventy-two years of age, infirm and illiterate, unable to read or write, and that confiding in the defendant, who was her son, and the representations he made to her, she assigned the notes to him, simply intending thereby to enable him to collect them, and that she did not know what was contained in the indorsement made upon the notes; that on August 2, 1875, complainant revoked the power of attorney, and demanded a return of the notes and payment of the amount collected, which was a large amount of interest, and defendant refused to comply.

The bill prays that defendant be ordered to pay over what he had collected; that it be declared he holds the notes in trust for the use of the complainant, and that the trust be revoked, and defendant decreed to return the notes to complainant.

The answer admits the original placing of the notes in defendant's hands in August, 1872, for safe keeping, as charged, denies the collection of anything thereon which he has not fully accounted for to complainant, and claims the right to hold the same under and by virtue of the following instrument in writing, which it is alleged the complainant, of her own free will and accord, and without any false or fraudulent representations on the part of the defendant, executed and delivered to him, to-wit:

"*Know all men by these presents*, That I, Rebecca Scott, of Edgar county, Illinois, being now in contemplation of marriage with David Light, and wishing to continue my son, David Scott, as a trustee and custodian of ten certain notes

16—88 ILL.

made to me by the heirs of my late husband, Samuel Scott,—
the principal of said notes being $500 each, with ten per cent
interest thereon,—do hereby make, constitute and appoint said
David Scott my attorney and trustee to retain the possession
and custody, and complete control of said notes, and to that
end I have this day indorsed said notes to said David Scott,
by blank indorsements on the backs thereof, and hereby direct
my said attorney and trustee to so keep said notes; and when-
ever, in his judgment, my wants require the interest on said
notes, or any part thereof, that he collect, in equal amounts,
from the makers of said notes, whatever sum is necessary for
my said wants, and pay the same to me, and in the event of
my death, to return said notes to the makers thereof, or their
legal representatives.

"In witness whereof, I have hereunto set my hand and seal,
this 3d day of December, A. D. 1874.

Her

REBECCA X SCOTT.    [SEAL.]

Mark.

"Witness:   ISAAC SCOTT.

"I hereby accept the trust confided to me by the foregoing
instrument. In witness whereof, I have hereunto set my hand
and seal, this 3d day of December, A. D. 1874.

DAVID SCOTT.    [SEAL.]

"Witness:   D. W. FOUTS."

And the answer denied all the charges of false and fraudu-
lent representations.

There appeared in proof a full power of attorney from the
complainant to the defendant, of the date of February 27,
1873, for the management of her real and personal property,
and the collection of all moneys due her; also, an agreement,
in writing, between the complainant and five of the heirs of
Samuel Scott, whereby the latter agreed for the payment to her
of $300 per year during her life, in equal quarter-yearly pay-
ments, in consideration of which she released her dower
interest in the estate of Samuel Scott, except the homestead,
containing 40 acres, which she was to hold for her own use

during her life. The ten notes in question bore upon the backs the indorsements in blank of complainant, made by her mark, with the name of D. W. Fouts signed thereto as a witness, the same bearing date December 3, 1874, the same date with the above named instrument.

The court below, upon final hearing, dismissed the bill.

Messrs. STEELE & DYAS, and Mr. GEO. HUNT, for the plaintiff in error.

Messrs. BISHOP & McKINLAY, and Messrs. SELLAR & DOLE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There is a manifest failure in the proof to establish the charge of improper practice in obtaining the assignment of the notes and the execution of the instrument in writing of December 3, 1874.

There is in support of the allegation but the testimony of the plaintiff herself, and some inconsequential admissions testified to as having been made by the defendant. In express contradiction is the direct testimony of three witnesses,—the defendant and another co-heir, and D. W. Fouts,—with other corroborative evidence.

The witness Fouts, who was a justice of the peace, and, so far as appears, entirely disinterested, testifies that he was present at the time of the transaction, and, at the request of plaintiff, read the instrument to her, and that, on his inquiry, she replied that she understood the meaning of it, and at her request he signed her name thereto, and wrote her indorsements in blank on the notes, and she made her mark to them all; and his name appears signed thereto as a witness.

The case of the plaintiff is only to be rested, if at all, upon the ground of the right to revoke, at her will, the trust which she had thus created; and this claim is advanced. It is contended that this instrument was but a power of attorney, and so

revocable at pleasure; but it is certainly more than this. It in express terms constitutes defendant a trustee, in addition to attorney, and, besides the power to collect and pay over to her the moneys due upon the notes, invests him with a trust in regard thereto, not only for her own benefit, but for that of the makers of the notes, her children. It appears to have been in the nature of a family arrangement, to a certain extent for the benefit of her children, as well as herself, in view of her approaching marriage.

The defendant testifies that the original proposal upon the subject was from plaintiff herself, that she would indorse over the notes to the makers, and that he should give them up to each one of the heirs, and that the plan which was adopted—that in question—was at his own suggestion, as more beneficial for her. All the makers of these notes, defendant one of them, are concerned in interest that the trust should be continued as created, and that they should not be subject to have the collection of the notes, if placed in the hands of some other one, enforced against them—the interest unconditionally, and the principal upon an allegation of its being necessary for the support of plaintiff. By the face of the notes, the interest is payable absolutely, and the principal, if it shall be necessary for the support of the payee; but by the terms of the trust, the interest is not collectible and payable to the plaintiff, unless, in the judgment of the trustee, the wants of the plaintiff shall require the same. No case of abuse of trust is shown in not paying over any money which the wants of the plaintiff demanded. Indeed, the bill itself makes no case of that kind. It has no allegation of a refusal to pay any money which the wants of the plaintiff required, all the averment in the matter being, the collection of a large amount of interest, and a failure to pay it over, and a demand of a return of the notes and payment of the amount collected, and refusal to comply.

The proof shows David Light, the husband of plaintiff, to have $2000 at interest, and that he has a payment of $50 a year coming from his children, to whom he had given his

land; that since December 3, 1874, the date of the creation of the trust, defendant has paid to plaintiff the sum of $758.50 —this, though, was not money collected on these notes, but from other claims which she had put into defendant's hands.

On August 2, 1875, plaintiff attempted to revoke the trust, and the present bill was filed September 1, 1875.

The movement was prompted, as may be inferred from the evidence, by the dissatisfaction of the husband of plaintiff. It is but natural the arrangement should not be agreeable to him, as it bears unfavorably upon his interest.

The trust appears to have been a perfectly created one, and we can not admit the right of plaintiff to annul it at will.

The decree will be affirmed.

*Decree affirmed.*