SAMUEL LEIGH, FOR USE, ETC.,

v.

SARAH E. COLEMAN AND WILLIAM COLEMAN.

*Negotiable Instruments—Note—Condition.*

A promissory note payable in one year, interest to be paid annually to the payee and his wife, and the note to become null and void at their death, will sustain an action at the end of one year.

[Opinion filed January 19, 1888.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. A. McKENZIE, for appellant.

Contracts are always construed most strongly against the maker. Walker v. Kimball, 22 Ill. 537; McCarty v. Howell, 24 Ill. 341; Massie v. Belford, 68 Ill. 290; Harlow v. Boswell, 15 Ill. 56.

Contracts will be so construed as to give possible effect to all their positive provisions.

The note sued on is a simple promise to pay so much money in one year. But if payment is not insisted upon at the end of the year or during the lifetime of the Leighs, then during such lifetime 8 per cent. interest is to be annually paid, and, at the Leighs' death, appellees inherit the note. But the payee has the right to cut off the chance of the Colemans, being the recipients of his posthumous bounty, by insisting upon payment of the note when due by its terms.

Mr. M. SHALLENBERGER, for appellees.

The Supreme Court held, in the case of Bradley v. Marshall, 54 Ill. 174, that where a common or promissory note was given for the payment of money, and at the same time an agreement was made on a separate piece of paper, which modified the terms of the note, and made conditions as to its payment, the two papers should be construed together as one agreement.

The case of Light v. Scott, 88 Ill. 240, is directly in point. In that case the note read as follows: "Three years from date we, or either of us, promise to pay Rebecca Scott the sum of $500, with ten per cent. interest to be paid semi-annually. It is understood that the principal of this note is not to be paid unless it shall be necessary for the support of said Rebecca Scott, and that the holder hereof may collect the said interest semi-annually, by suit or otherwise, and if by suit, that reasonable attorney's fees may be collected in addition thereto."

This note, like the one before the court, contained an absolute promise to pay a specified sum of money, at a specified time. Likewise, the note was given for the purpose of raising, by the payment of interest, a support for the payee. The principal was not to be paid unless the interest should prove insufficient for her support. It would have to stand, however, during her lifetime as a source of interest, unless necessary for her support. The court made the promise of absolute payment subordinate to the following conditions of semi-annual payment of interest and the non-payment of the principal except upon the happening of a certain contingency,

and held the principal of the note was not collectible under the proofs.

In the case now on hand interest is provided for during the lives of the two Leighs, whether that period falls short of, or reaches beyond the time when the note falls due; at their deaths the whole note becomes void. It is the same in effect as if it had said, in express terms, that the principal should never be paid, but should be kept standing as a source of annual interest during the lives of the two Leighs.

WELCH, P. J.    This was an action of assumpsit by the appellant against appellees. The declaration contains a special count and the common counts. The special count declared on a promissory note in the words and figures as follows:

"$484.07.                VICTORIA, KNOX Co., Sept. 21, 1885."

" One year from date, for value received, we promise to pay Samuel Leigh four hundred and eighty-four 7-100 dollars, with interest at eight per cent. Interest due and payable annually during the lifetime of Samuel Leigh and his wife, Rachel Leigh, and at the death of Samuel Leigh and his wife, Rachel Leigh. this note shall be null and void. This note is not transferable."

" SARAH E. COLEMAN,"<br>" WM. COLEMAN."

The defendants filed a demurrer to the special count and for special cause for demurrer, defendants say: 1st. That by the terms of said note, and by the tenor and effect thereof, no money was due thereon at the time of the commencement of this suit. 2d. By the terms and conditions and the tenor and effect of said note in said first count described, the principal of said note was not to be paid, but only the annual interest during the lifetime of Samuel and Rachel Leigh. Demurrer sustained by court. Plaintiff dismisses the common counts and elects to stand by the declaration. Court gives judgment against plaintiff for costs, from which judgment this appeal is prosecuted.

There is but a single question involved in this case, and that is the construction to be given to the instrument which is the

foundation of the action. Appellees insist that, by the terms of the instrument, the principal was never to be paid, but only the interest during the lifetime of Samuel and Rachel Leigh. Appellant insists that, by the terms of the instrument, there was an absolute promise to pay one year after date to Samuel Leigh, $487.07, with interest at eight per cent. from date, Appellees insist that the provision contained in said instrument, " interest due and payable annually during the lifetime of Samuel Leigh and his wife, Rachel Leigh, and at the death of Samuel Leigh and his wife, Rachel Leigh, this note shall be null and void," qualifies and limits the absolute promise to pay ; to the same extent as if it had said in express terms that the principal should never be paid, but should be kept standing as a source of annual interest during the lives of the two Leighs. In support of this claim we are referred to the case of Light v. Scott, 88 Ill. 239. In that case the note read as follows: " Three years from date we, or either of us, promise to pay Rebecca Scott the sum of $500, with ten per cent. interest to be paid semi-annually. It is understood that the principal of this note is not to be paid unless it shall be necessary for the support of said Rebecca Scott, and that the holder hereof may collect the said interest semi-annually, by suit or otherwise, and if by suit, that reasonable attorney's fees may be collected in addition thereto."

Justice Sheldon in construing this note says: " By the face of the note the interest is payable absolutely, and the principal if it shall be necessary for the support of the payee." The principal was not to be paid unless the interest should prove insufficient for her support. There is no provision in the note in suit in this case that the principal is not to be paid unless as is claimed. "Interest to be paid annually during the lifetime of Samuel Leigh and his wife and at their death to become null and void," is equivalent to saying the note is not to be paid. We do not think that this provision is susceptible of the construction claimed by appellees. On the contrary, we hold that the principal was due and payable one year after the date of said note, with eight per cent. interest, and that its time of payment was not extended by this provision.

We hold that the obligors could have discharged themselves from all legal liability on this note by paying off the same when due, principal and interest to that date, or at any time since, by paying principal and interest to time of payment, and the payee would have had no option; he would have been compelled to receive the money and surrender up the note. The payee had the same right to compel the payment of the note after maturity. Their rights under the contract must be mutual. The special count, we hold, states a good cause of action. The court erred in sustaining a demurrer to said count. For this error the judgment is reversed and cause remanded.

*Reversed and remanded.*