JESSE MOORE

*v.*

FRANKLIN N. HORSLEY.

*Filed at Springfield April 2, 1895.*

1. FRAUD—*fraudulent conveyance binding upon the grantor.* A conveyance in fraud of creditors is binding upon the grantor, who will not be aided by a court of equity in regaining the property.

2. CONTRACTS—*to hold lands deeded in trust void unless in writing.* An agreement that lands conveyed by a husband to his wife through their son shall be held by her in trust for him, is void, under the Statute of Frauds, when not evidenced in writing.

3. TRUSTS—*no resulting trust where there is an express trust.* There can be no resulting or implied trust in real estate where there is a conveyance upon the terms of an express trust, which latter fails, under the statute, because not evidenced in writing.

4. SAME—*will not result when conveyance is voluntary.* A voluntary conveyance will not create a resulting trust in favor of the grantor. *Allen v. Jackson,* 122 Ill. 567, distinguished.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. FERDINAND BOOKWALTER, Judge, presiding.

This was a bill brought by Anna V. Dorsett and her husband, against Jesse Moore and others, for the partition of certain lands in Edgar county, described in the bill. It was alleged in the bill that Hannah Moore died seized of the lands described in the bill, and left surviving her, her husband, Jesse Moore, and children, Margaret Conover, Samuel Moore, Jefferson Moore, Kate Sayer, John Moore, Scott Moore, Thursa McKee and Taylor Moore, and one grandchild, Anna V. Dorsett, her only heirs-at-law. The bill was afterward amended and Franklin N. Horsley was made complainant, and the amended bill alleges that Horsley had purchased and was the owner of the shares of Anna V. Dorsett and Thursa McKee, Horsley claiming two-ninths of the land.

Jesse Moore filed an answer, denying that Horsley or any of the parties to the suit had any interest whatever

in the lands described in the bill, and claiming to be the sole legal and equitable owner of said lands. He also filed a cross-bill against the complainant, Horsley, and all the defendants. He denied that any of the parties had any interest in the lands in controversy, and claimed to be the sole owner thereof; charged that prior to the 13th day of November, 1883, he was the owner in fee simple of said lands; that he was very old and in feeble health, and had become somewhat involved in debt; that his wife, Hannah Moore, and his children, defendants herein, persuaded him that it would be best for him to deed his lands to his youngest son, Taylor Moore, and let Taylor deed the same to his mother, Hannah Moore, to hold in trust for him, Jesse Moore, and she to mortgage said lands and pay off his debts, and hold the same in trust for him; that being in bad health and enfeebled by age, and having great confidence in his said wife and children, he consented to make said conveyance in trust, as aforesaid, and did, on the 13th day of November, 1883, convey said lands, by deed, to the said Taylor Moore, and on the next day Taylor deeded the same to his mother, Hannah Moore, upon said uses and trusts aforesaid, and shortly thereafter the said Hannah Moore and Jesse Moore made a mortgage on said land, and borrowed money to pay off his debts, and did pay off said debts, and he is not now indebted to any one. The bill charges that Taylor Moore paid nothing to Jesse Moore for said lands and Hannah Moore paid nothing for said lands, but they both simply took said conveyances for the purpose of holding the same in trust for said Jesse Moore and assisting him in paying his debts, and that said Jesse Moore, since the dates of said deeds, up to the present time, remained in the control and possession of said lands and paid the taxes on the same, and asks to have the original and amended bills dismissed, and that his title be quieted, and for general relief.

Horsley answered the cross-bill, denying the allegations thereof, and also setting up the Statute of Frauds. Samuel Moore also answered the cross-bill, denying the allegations thereof and charging that the conveyances were made to defraud creditors, and claiming six-ninths of the land, subject to Jesse Moore's homestead and dower rights.

Replications were filed and a hearing was had on the pleadings and evidence, and the court found that Franklin Horsley, complainant, owned in fee simple, by virtue of the conveyances of Anna V. Dorsett and Thursa McKee, the undivided two-ninths of said real estate, subject to the homestead and dower rights of the said Jesse Moore therein, and that the said Jesse Moore is the owner, in fee simple, of the other seven-ninths of said premises, and that no other persons have any interest therein. The court decreed complainant, Horsley, two-ninths of the premises in fee simple, subject to the homestead and dower rights of Jesse Moore, and to Jesse Moore seven-ninths of said premises in fee simple, and homestead and dower in that part of said premises decreed to said Horsley. To reverse this decree Jesse Moore sued out this writ of error, in which Franklin N. Horsley alone is made a defendant, and claims that the court erred in decreeing complainant, Horsley, two-ninths of the land. No cross-errors have been assigned.

JAMES A. EADS, for plaintiff in error:

Whenever two persons stand in such relation that while it continues confidence is necessarily reposed by one, and the influence which naturally grows out of that confidence is abused, or the influence is exerted to obtain an advantage at the expense of the confiding party, the person availing himself of his position will not be permitted to retain the advantage, although the transaction could not have been impeached if no confidential relation

had existed. *Roby* v. *Colehour*, 135 Ill. 337; 2 Pomeroy's Eq. Jur. secs. 955, 956; Perry on Trusts, secs. 194-204, 210.

When a person assumes a confidential relation he can not afterwards deny such relation. *Gruhn* v. *Richardson*, 128 Ill. 186; *Allen* v. *Jackson*, 122 id. 571.

Among the class of persons where these rules of confidential relations apply, are parent and child and husband and wife. Perry on Trusts, sec. 178; 1 Story's Eq. Jur. 218.

The denial by a trustee of the trust relation is a breach of the trust and a flagrant fraud. *Gruhn* v. *Richardson*, 128 Ill. 186; *Scanlan* v. *Scanlan*, 134 id. 640.

The Statute of Frauds has no application to a constructive trust. *Gruhn* v. *Richardson*, 128 Ill. 186; *Roby* v. *Colehour*, 135 id. 340.

If a party purchases trust property with notice, or if it descends to heirs or into the hands of any volunteer without notice, it will remain trust property, and the heir, volunteer or purchaser with notice will hold the property charged with the trust. Perry on Trusts, sec. 217; 2 Story's Eq. Jur. secs. 976, 977.

This rule applies to constructive trusts, the same as express trusts. Perry on Trusts, sec. 223.

Possession of the property is notice of the trust. Perry on Trusts, 223-239; *Thomas* v. *Burnett*, 128 Ill. 43; *Springfield* v. *Roll*, 137 id. 215; *Parker* v. *Shannon*, id. 393.

If property is conveyed, by gift or otherwise, to pay debts, then what is left after the payment of the debts is held in trust for the donor or his heirs. Perry on Trusts, sec. 152.

H. S. TANNER, for defendant in error:

The facts presented by the cross-bill of plaintiff in error, if proven, would show the agreement claimed to have been made between Jesse Moore and his wife to be nothing more than an express trust, and not having been manifested by some writing signed by her, would be void

under the Statute of Frauds. Starr & Curtis' Stat. chap. 59, sec. 9.

If a husband conveys his lands to his wife upon the express trust to enable her to better manage and preserve his estate, and she agrees to carry out the trust, the same will fall within the Statute of Frauds, if not created or evidenced in writing. *Scott* v. *Harris*, 113 Ill. 447.

An express trust between the grantor and grantee of land that the grantee is to hold the land in trust for the grantor, or is to reconvey to him, is invalid, under the Statute of Frauds, unless evidenced by some writing signed by the grantee. *Stevenson* v. *Crapnell*, 114 Ill. 19.

Where there is an express trust there cannot be a resulting or implied trust. *Kingsbury* v. *Burnside*, 58 Ill. 310.

A party who conveys land by a deed absolute in form cannot show, by parol evidence, that the conveyance was in fact in trust for certain purposes or for his benefit, when the Statute of Frauds is interposed. *Lawson* v. *Lawson*, 117 Ill. 98.

All trusts, except resulting trusts, must be evidenced by writing. *Hovey* v. *Holcomb*, 11 Ill. 660 ; *Rogers* v. *Simmons*, 55 id. 76.

It was a mere voluntary conveyance, and cannot be held to create a resulting or constructive trust for the benefit of the grantor. *Jackson* v. *Cleveland*, 15 Mich. 94.

The Statute of Frauds was enacted for the benefit of those claiming title under instruments absolute on their face, and not for the benefit of those seeking to defeat such instruments. *Allen* v. *Woodruff*, 96 Ill. 11.

Mr. JUSTICE CRAIG delivered the opinion of the court:

There is no substantial controversy between the parties in regard to the facts upon which the decree was rendered by the court. It appears that on the 13th day of November, 1883, Jesse Moore, plaintiff in error, owned and resided on the land in controversy. He was then seventy-one years of age. He was to a considerable

extent involved in debt, was sued, and one judgment, at least, had been rendered against him. He had made an effort to procure a loan on his property, but had failed. The relations among his children were not harmonious. His son Taylor Moore resided with him on the place. It was finally arranged that he should convey the land to his son Taylor Moore, and he should convey it to his mother, Hannah Moore. Accordingly the deed was made to Taylor on November 13, 1883, and on the next day he conveyed to Hannah Moore. At the time these conveyances were made it was understood that the land should be mortgaged for money to pay the debts of Jesse Moore; that Taylor Moore and Hannah Moore should hold the land for Jesse Moore, and reconvey to him at some time in the future. On the 24th day of March, 1884, Hannah and Jesse Moore mortgaged the land for $1000. After Hannah Moore obtained the conveyance, she and her husband continued to occupy the land and use it as they had done for many years before. She died June 1, 1889, leaving as her heirs the persons named in the bill.

We perceive no ground upon which the cross-bill can be sustained. There is evidence in the record tending to prove the conveyance from Jesse Moore to his wife was made for the purpose of placing the property beyond the reach of his creditors. The rule is a familiar one, that where a person involved in debt makes a conveyance of his property for the purpose or with the intent of placing it beyond the reach of creditors, such a conveyance will be binding as against the grantor, and a court of equity will not lend its aid to assist such a grantor to regain his property.

But it is claimed, in the argument, that a trust was created, and that Hannah Moore held the lands in trust for Jesse Moore; that she did not hold the title in her own right, but held as a mere trustee. If the transaction established a trust, it was an express trust, which,

under section 9 of chapter 59, must, to be valid, be mani-
fested and proved by some writing.

This case is not unlike *Scott* v. *Harris*, 113 Ill. 447, where
it was held, that if a husband conveys his lands to his wife
upon the express trust to enable her to better manage
and preserve his estate, and to be applied by her in ac-
cordance with the provisions of his will, before made,
and she agrees to carry out the trust, the same will fall
within the Statute of Frauds if not created or evidenced
in writing, and can not be enforced if the defense of the
statute be interposed.

In *Stevenson* v. *Crapnell*, 114 Ill. 19, where land was con-
veyed, and the grantee agreed, by parol, to hold the land
for the grantor or to convey to him on a certain contin-
gency, it was held that the agreement was invalid, under
the Statute of Frauds.   It is there said:   "Whatever of
condition or understanding there was as to William B.
Crapnell holding the deed or land, was verbal, only, and
so far as there might be supposed to arise therefrom any
trust, it was an express trust, which would be invalid
because of not being manifested by some writing signed
by the party declaring the trust.   *   *   *   Where there
is an express trust there can not be a resulting or implied
trust.   (*Kingsbury* v. *Burnside*, 58 Ill. 310.)   A voluntary
conveyance cannot be held to create a resulting trust for
the grantor.   *Jackson* v. *Cleveland*, 15 Mich. 94."

In *Lawson* v. *Lawson*, 117 Ill. 98, a person conveyed
land to a third party, and by *mesne* conveyances the land
was deeded to the wife of the first grantor, under an
arrangement that the land was to be reconveyed to him
on request.   Upon the death of the wife the grantor filed
a bill against her children and heirs to compel a convey-
ance.   There, as here, it was claimed that the land was
conveyed in trust, but it was held that where a party con-
veys land by a deed absolute in form, he cannot show, by
parol evidence, that the conveyance was in fact in trust

for certain purposes or for his benefit, when the Statute of Frauds is interposed.

We are aware of the rule laid down in *Allen* v. *Jackson*, 122 Ill. 567, and other like cases, to the effect that where a person obtains the legal title to property by virtue of a confidential relation and influence, under such circumstances that he ought not, according to the rules of equity and good conscience, as administered in chancery, to hold and enjoy the beneficial interests of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust by construction, and fasten it upon the conscience of the offending party, and will convert him into a trustee of the legal title, and order him to hold it, or to execute the trust in such manner as to protect the rights of the real party in interest. But the doctrine of those cases has no application here. No fraudulent representations were used, nor were there any undue means resorted to by Taylor Moore or Hannah Moore to influence Jesse Moore to deed the land to them. The matter was talked over among the parties, and Jesse Moore, of his own free will and accord, without any particular persuasion on the part of the grantees, made the deed,—at a time, too, when he was fully competent to transact any and all business. Indeed, so far as appears the conveyance was a mere voluntary act on the part of Jesse Moore, made with a full understanding of the nature of the transaction, and we perceive no ground upon which relief could be granted under the cross-bill, under the facts of this case, without disregarding entirely the Statute of Frauds. That cannot be done.

As no error appears in the record injurious to and affecting the rights of plaintiff in error, Jesse Moore, the decree will be affirmed.

*Decree affirmed.*