## In re DAVIS.

(District Court, D. Massachusetts. May 28, 1901.)

### No. 3,680.

RESULTING TRUST—FAILURE OF EXPRESS TRUST—PAYMENT OF CONSIDERATION FOR CONVEYANCE TO ANOTHER.

Where a purchaser of property, who pays the consideration therefor, causes it to be conveyed to another, with the intention that it shall be held in trust for the benefit of third persons, which intended trust fails because not declared in conformity to the statute of frauds, the grantee does not take the beneficial interest in the property, but a trust results in favor of the purchaser.

In Bankruptcy. On petition for an order requiring the trustee to convey to the petitioner property claimed to have been held by the bankrupt in trust.

Edward I. Baker, for petitioner Sullivan.
Weston-Smith & Walcott, for trustee.
James H. Hickey, guardian ad litem, pro se.

LOWELL, District Judge. I find the facts in this case to be as follows: Mrs. Sullivan paid the entire original consideration for the property, and since the purchase has paid off mortgages thereon to the amount of $1,600. She never intended to take by the conveyance any title to the property, legal or equitable. Had she so intended, there was nothing to prevent her from substituting her name for her daughter's in the deed as prepared, which could have been done without expense. She intended the entire equitable estate for her grandchildren's benefit, especially for their education. She never intended her daughter to take any beneficial interest in the property, and had no distinct intention that she should take any legal interest. As to the legal interest, she never had any clear intention. Mrs. Davis did not know about the conveyance until shortly after it was made, when she was informed generally of Mrs. Sullivan's intention. She neither repudiated nor expressly accepted the trust. Some time afterwards she mortgaged the property as her own, and still later inserted the same in her bankruptcy schedules. These acts were unknown to Mrs. Sullivan until after bankruptcy, and after the bankruptcy Mrs. Sullivan, while not clear as to her precise legal rights, did nothing to waive them. I have to determine whether a trust results in favor of the person paying the consideration when that person distinctly intended that the entire beneficial interest in the property should vest in another not the gran-

112 F.—9

tee, and intended that no interest, legal or beneficial, should vest in herself. Where one pays the consideration for real estate, and the title is taken in another, a trust in favor of the one paying the consideration is presumed to result. If the grantee is a child, a counter presumption arises. But none of these presumptions are conclusive, and all are controlled by the circumstances of the particular case. As it appears here by evidence not objected to that the bankrupt grantee was not intended to take any beneficial interest in the property conveyed, she is to be deemed a trustee for some one, whether for her children, as Mrs. Sullivan intended, or for Mrs. Sullivan, because the trust for the children was not sufficiently declared, this court cannot determine for want of necessary parties. That a trust does sometimes result in favor of the person paying the consideration where an intended trust has failed is settled law. Perry, Trusts, 157. One who has taken the legal title to land upon a trust which cannot be enforced cannot retain the beneficial interest in it against the person who has failed to establish the trust, whether a former beneficial owner or one who has paid the purchase money. If the petitioner will make her grandchildren parties to this proceeding, this court will pass upon her claims and theirs. As things stand, no resulting trust in her favor is shown, and, unless the grandchildren are brought in, the petition must be dismissed.

(December 6, 1901.)

Mrs. Sullivan's grandchildren have now been made parties defendant to the petition, and a stipulation has been entered into between their guardian ad litem and Mrs. Sullivan, whereby Mrs. Sullivan agrees to convey the real estate in question outright to them if this court shall direct a conveyance to her by the trustee. By their guardian ad litem the grandchildren have withdrawn opposition to Mrs. Sullivan's petition. Counsel for the trustee has objected to this phrase in the earlier opinion: "She [Mrs. Sullivan] intended the entire equitable estate for her grandchildren's benefit." If the phrase be taken to imply that Mrs. Sullivan conceived of an equitable estate in all its technical meaning passing to her grandchildren, doubtless it was inaccurate, since she had no conception of the technical meaning of the words "equitable estate"; but the statement is accurate if it be taken to mean that she intended the property altogether for her grandchildren's benefit, and not at all for the benefit of Mrs. Davis. A trust is ordinarily presumed to result in favor of one paying the purchase money of land as against the grantee named in the deed. In this case, as has been said, no beneficial interest was intended, either in purchaser or grantee. Admitting this, at least for the sake of the argument, the trustee here contends that, where the person paying the purchase money intends neither a beneficial interest in himself nor in the grantee, but exclusively in a third person, and where the trust in favor of that third person is not so declared as to be enforceable against the trustee, the grantee there takes the entire beneficial interest. In other words, he contends that a resulting trust

may be defeated by an unsuccessful attempt to create a trust in favor of a third person; that in such case, though the intended beneficiary is remediless, yet, as between the person paying the purchase money and the grantee, the entire beneficial interest will pass to the latter.

The doctrine of a resulting trust in favor of the person paying the purchase money of an estate is stated in Anonymous, 2 Vent. 361 (in 1 Vern. 366, the case is named Bird v. Blosse):

"Where a man buys land in another's name, and pays the money, it will be in trust for him that pays the money, though no deed declaring the trust, for the statute of 29 Car. II., called the 'Statute of Frauds,' doth not extend to trusts raised by operation of law."

A century later Lord Chief Baron Eyre thus explained the doctrine in the opinion of the court of exchequer:

"The clear result of all the cases, without a single exception, is, that the trust of a legal estate, whether ehold, copyhold, or leasehold; whether taken in the names of the purchaser and others jointly, or in the name of others without that of the purchaser; whether in one name or several; whether jointly or successive,—results to the man who advances the purchase money. This is a general proposition, supported by all the cases, and there is nothing to contradict it; and it goes on a strict analogy to the rule of the common law that, where a feoffment is made without consideration, the use results to the feoffor." Dyer v. Dyer, 2 Cox, 92, 93, 1 White & T. Lead. Cas. Eq. 203, 205.

The trust is presumed to result from the circumstance of payment alone. It results, even if the grantee had no notice of the conveyance, and though he made no agreement, oral or written, to hold the estate in trust. To create the trust, there need be nothing savoring of fraud or misrepresentation or mistake. The trust is not fastened upon the conscience of the legal owner by any action or inaction of his. It arises, as is said in the statute of frauds, by operation of law. The trust may arise in an aliquot part of the property conveyed, or in an estate therein less than a fee simple. The nature and extent of the beneficial interest which passes to the person paying the purchase money may be shown by parol. The trust in favor of the purchaser which is presumed to result may itself be rebutted by parol.

The trust in favor of the grandchildren which was intended by Mrs. Sullivan is enforceable against Mrs. Davis or it is not. Let us suppose that it cannot be enforced. From the payment of the purchase money by Mrs. Sullivan a trust is presumed to result in her favor. How does the trustee in bankruptcy of Mrs. Davis seek to rebut this presumption? Mrs. Davis is Mrs. Sullivan's daughter, and from some relations a rebutting counter presumption arises in favor of the grantee. It is doubtful, however, if this counter presumption arises from the relation of mother and daughter. See Murphy v. Nathans, 46 Pa. 508; Sayre v. Hughes, L. R. 5 Eq. 376; Johnson v. Wyatt, 2 De Gex, J. & S. 18; Bennet v. Bennet, 10 Ch. Div. 474; In re Orme, 50 Law T. (N. S.) 51. In any case the counter presumption in favor of a grantee who is the child of the purchaser, even where it exists, "is not a presumption of law, but of fact, and can be overthrown by proof of the real intent of the parties." Institu-

tion v. Meech, 169 U. S. 398, 407, 18 Sup. Ct. 396, 400, 42 L. Ed. 793, 798. "The circumstance of one or more of the nominees being a child or children of the purchaser is to operate by rebutting the resulting trust; and it has been determined in so many cases that the nominee, being a child, shall have such operation as a circumstance of evidence, that we should be disturbing landmarks if we suffered either of these propositions to be called in question, namely, that such circumstance shall rebut the resulting trust, and that it shall do so as a circumstance of evidence." "Considering it as a circumstance of evidence, there must be, of course, evidence admitted on the other side." Dyer v. Dyer, above cited. As it is abundantly clear that Mrs. Davis was intended to take no beneficial interest in the estate, her relation to Mrs. Sullivan is unimportant, and the case must be decided as if she were a stranger in blood. The trustee thus stands in the place of a grantee who seeks to rebut the presumption that the trust results to the purchaser, and seeks to do so by showing that a trust was intended in favor of a third person, which trust is not enforceable against the grantee. The grantee thus claims the entire beneficial interest in the estate, of which she would otherwise have taken nothing, by showing that a beneficial interest was intended in some one else. She claims a beneficial interest in property because of the expressed intent that she should take no beneficial interest therein. If the purchaser had said nothing, the grantee would have taken nothing. Because the purchaser has said that the grantee is to take nothing, the grantee claims to take everything. This does not appear to be equitable. The intended beneficiaries, the grandchildren, are excluded by the terms of the supposition. As between the grantee and the purchaser, neither of whom was intended to benefit, the equity of the purchaser is the better. It is true that there are cases in which it has been asserted that, where there is an express trust, there can be no resulting trust. But if by "express trust" is meant an attempt to create a trust by parol, the statement is clearly too broad. Institution v. Meech, 169 U. S. 398, 18 Sup. Ct. 396, 42 L. Ed. 793; Hall v. Congdon, 56 N. H. 279; Harrold v. Lane, 53 Pa. 268. These cases and others establish that an attempted parol trust identical with the resulting trust will not defeat the latter. Why should an attempted parol trust, which differs from the resulting trust, have a more destructive effect, so long as it is invalid, and cannot itself be established? Again, if a difference between the intended parol trust, which has failed, and the trust which would otherwise have resulted, will defeat the latter, and defeat it altogether, how great must be the difference to bring this about? Will a trust in the half of an estate, which results from paying half the purchase money, be defeated by an invalid oral agreement to hold $^{11}/_{20}$ or $^{9}/_{20}$ of the estate for the person paying half the money?

Again, it is settled that, upon an oral declaration by the purchaser that the grantee is to take the beneficial interest in part of the estate, he will do so, and the beneficial interest in the remaining part will pass by way of resulting trust to the purchaser. The expression by the purchaser of an intention that the grantee

shall take only a part, causes a trust in the rest of the estate to result. Rider v. Kidder, 10 Ves. 360; Cook v. Patrick, 135 Ill. 499, 26 N. E. 658, 11 L. R. A. 573. Why should a declaration that a grantee is to take nothing defeat the resulting trust, and cause him to take everything? Still again, it is settled that, where a trust is validly declared in only a part of the estate conveyed, the rest of the estate will result to the purchaser; and the like happens where a trust is declared in the whole estate, but fails in part. It is hard to say why the failure of a valid trust, once created, should inure to the benefit of the purchaser, while a failure to create a valid trust inures to the benefit of the grantee. Furthermore, if an attempted trust under a will fails because contrary to the statutes of mortmain, a trust results to the heir. See Boson v. Statham, 1 Eden, 508; Russell v. Jackson, 10 Hare, 204. It should seem that a trust results to the purchaser in the case of a deed where the intended trust fails because contrary to the statute of frauds. Several of the earlier American cases narrowed the equitable doctrine of resulting trusts unduly. Thus in Bernard v. Bougard's Heirs (Mich.) Har. 143, it was said that "payment of a part, or anything less than the whole, will not raise a resulting trust." The error of this statement is recognized in Dow v. Jewell, 21 N. H. 470, following White v. Carpenter, 2 Paige, 217, 240. In the former case it was said, "The trust must be of an aliquot part of the interest of the property" (page 488); but this proposition was overruled in Converse v. Noyes, 66 N. H. 570, 22 Atl. 556, where a trust was held to result in a remainder after a life estate. In Sheldon v. Harding, 44 Ill. 68, 73, it was said, "A resulting or implied trust is usually created by the purchase of land with the money of one person in the name of another without the consent of the owner of the means." This unusual view of the nature of a resulting trust may account for the language of Kingsbury v. Burnside, 58 Ill. 310, 328, 11 Am. Rep. 67, 76, where the court said: "When there is an express trust, there can be no foundation for an implied or resulting trust. Whether the declaration of such trust was manifested and proved by some writing signed by the grantee, within the meaning of that statute, is the question which now demands our consideration." As the court there held that the intended trust was validly declared, the actual decision was not in point. In Stevenson v. Crapnell, 114 Ill. 19, 28 N. E. 379, and in Moore v. Horslay, 156 Ill. 36, 40 N. E. 323, the language of Kingsbury v. Burnside was repeated, but the actual decisions were not in point. In Dunn v. Zwilling, 94 Iowa, 233, 62 N. W. 746, there was no resulting trust, even in the absence of an express parol trust. In Meech v. Institution, 8 App. D. C. 490, 509, it was said, "There may be cases where, upon the failure of an express agreement, parties may fall back on a resulting trust; but that can only be where the resulting trust exists independently of the express agreement and is not inconsistent with it." The decision of the court of appeals was overruled by the supreme court in Institution v. Meech, 169 U. S. 398, 18 Sup. Ct. 396, 42 L. Ed. 793. There one Avery paid for land which was conveyed to his wife upon an agreement between them that she

should hold the land for her life, and after her death should dispose of it by devise, either to Mr. Avery or to the Smithsonian Institution. In any case it was agreed between husband and wife that the Smithsonian Institution should receive the land after the death of the survivor. The precise terms of the agreement, which was oral, were in doubt. Mrs. Avery died intestate before her husband. In its bill the complainant claimed equitable title to the land as the devisee of Mr. Avery, and the court decreed accordingly. There are expressions in the opinion which imply that the parol trust for the benefit of the Smithsonian Institution was valid and enforceable, but the general effect of the opinion is to rest the complainant's equitable title upon a resulting trust to Mr. Avery and his devise to the complainant. Upon the whole, also, the court seems to have considered that the parol trust was substantially identical with the resulting trust, and that the latter was not destroyed by the former. But it is clear that the court did not deem it important that the parol trust and the resulting trust should be identical, so long as it appeared clearly that Mrs. Avery was to take no beneficial interest in fee. If the trustee's contention in the case at bar be sound, then, in order to establish a resulting trust to Mr. Avery, the court must have been satisfied that the parol trust differed in no material respect from the resulting trust; for, had there been any material difference, the case would have been precisely like that at bar, and by the trustee's contention the court would have been required to hold that the resulting trust was defeated by a different parol trust, and that, as the parol trust failed for want of compliance with the statute of frauds, the entire beneficial interest passed to Mrs. Avery. As has been said, however, the supreme court appears to have deemed the identity of the parol trust and the resulting trust unimportant, and not to have rested the decision upon a supposed identity. In Emmons v. Moore, 85 Ill. 304, A. bought land, and had the conveyance made to B., his son. At the time of the purchase he expressed an intention to make by the purchase provision for another son, C. This intention was not communicated to B. until some time afterwards. The court held that B. took no beneficial interest, but held in trust for A. or C., it is not quite clear which. In Titcomb v. Morrill, 10 Allen, 15, it was held that a voluntary conveyance, absolute in form, though aided by an oral agreement to hold for the benefit of the grantor, raises no trust in his favor. This decision does not express the law of all the states. But the attempt of the grantor in Titcomb v. Morrill to set up a resulting trust in the case of his own voluntary conveyance was there expressly distinguished from the case "where a purchase is made in the name of one person, and the purchase money is paid by another." 10 Allen, 18. In the somewhat analogous case of a will, it has been held that, if property is devised in trust for purposes expressed by parol, and the intended beneficiary cannot take because the statute of wills has not been complied with, yet the devisee does not take the beneficial interest, but there results a trust in favor of the testator's representatives. Olliffe v. Wells, 130 Mass. 221, and cases cited. It is true that,

upon an unqualified devise to A. no trust was held to result, though the testator, by a letter communicated after his death to A., requested A. to apply the devise to a particular purpose. Wallgrave v. Tebbs, 2 Kay & J. 313. But in that case the court reached the conclusion that the testator intended A. to take the entire beneficial interest, and to leave the application of the devise to his mere honor, uncontrolled by any court. That is not this case, for here Mrs. Sullivan intended to control Mrs. Davis' discretion. Let us put the hardest possible case to test the theory just stated. Let us suppose that Mrs. Sullivan had become bankrupt, instead of Mrs. Davis, and that the trustee of Mrs. Sullivan sought to recover the property from Mrs. Davis, while the latter was trying to carry out the intention of Mrs. Sullivan for the benefit of the grandchildren. Even in that case, it must still be said that Mrs. Sullivan's intention was not to rely upon Mrs. Davis' honor, but to impose on her a binding trust. If that intention failed, and if the trust did not bind the grantee, the person paying the purchase money would naturally prefer to take into her disposition the property for which she had paid, rather than to leave it altogether in the disposition of the nominal grantee. If, therefore, the trust in favor of the grandchildren was not validly declared, there was a resulting trust in favor of Mrs. Sullivan. Even if there be a possibility that Mrs. Davis so agreed to hold the property in question as to create a valid trust for the grandchildren, the result is the same. After the stipulation entered into by Mrs. Sullivan, the guardian of the children has practically withdrawn opposition to the petition of the bill. By that stipulation the grandchildren have practically ceased to be interested in the establishment of the trust. They are to have the entire beneficial interest, even if a resulting trust is declared. Therefore the court is justified, considering the stipulation and the action of the guardian ad litem, in granting the prayer of the petition, even if there be a possibility that the trust was validly declared. The grandchildren cannot alienate the real estate without the consent of their guardian, duly appointed, and substantial justice is done to them and to all. The prayer of the petition is granted.

Decree for complainant, without costs.