| | |
|---|---|
| Elsie Ordway et al.<br>vs.<br>Regina Lochner | Eq. No. 10530. |
| Elsie Ordway et al.<br>vs.<br>Regina Lochner<br>Individually and<br>as Executrix. | Eq. No. 10532. |

November 10, 1931.

BLODGETT, P. J. Heard upon bill, answer and proof.

The first bill is brought to establish a resulting trust in certain real estate, the second to establish a resulting trust in a mortgage.

Complainants are the children and heirs of Margaret H. Lochner, deceased, under whom they claim. Margaret died intestate at, Pawtucket, April 26, 1926.

Henry J. Lochner, her husband, died April 26, 1930. After the death of Margaret, he married the respondent, his second wife. Shortly after his second marriage, Henry deeded to respondent an undivided one-half interest in certain real estate in Pawtucket standing in his name. At the time of his death a mortgage on certain real estate stood in his name as mortgagee. Henry left a will under the provisions of which all his estate, real and personal, was bequeathed to said respondent.

Complainants claim that an undivided one-half of said real estate on Littlefield Street, Pawtucket, belongs to them by reason of a resulting trust, and that they are further entitled to an undivided one-half interest in the mortgage described in said bill, by reason of a resulting trust in their mother's favor, which they inherit.

Evidence was introduced that Henry and Margaret Lochner worked from the beginning of their married life, and that Margaret, in addition to her household duties, continuously worked for other persons; that both were very saving and frugal, and pooled whatever money they earned, and also such money as the children were able to earn as they grew old enough to work and as long as they lived at home.

Certain real estate on Chaplin Street was purchased in both names and sold by them in 1908. Two lots of land in Hughes Avenue and Hunts Avenue were purchased by them in 1908 and it is testified by complainants that same were purchased by funds received from the sale of said Chaplin Street property.

These two lots were sold by Henry and Margaret in 1918 to Arthur and Elsie Ordway, son-in-law and daughter of said Henry and Margaret, and these two lots were subsequently, in 1920, reconveyed by said grantees to Henry and Margaret. September 12, 1924, said Henry and Margaret sold said land and on same date deposited $4,620 in the Industrial Trust Company in a

joint account. October 6, 1924, the entire amount was withdrawn from said Trust Company and the property on Littlefield Street, Pawtucket, was bought in Henry's name alone.

There is evidence that the Littlefield Street property cost between $8,000 and $9,000, and was purchased subject to a mortgage for $4,000.

Henry was employed as a janitor by the Telephone Company and was purchasing shares in said company during this period and the inventory filed of his estate showed that at the time of his death there stood in his name fifteen shares of said stock.

When the Hughes Avenue's property was conveyed to the McGoverns, as stated above, the McGoverns executed a mortgage to Henry and Margaret, dated April 1, 1920, and also a mortgage note therefor for $2,500.

April 2, 1931, the McGovern mortgage was discharged on the records and on same day Henry and Margaret deposited $2,500 in a joint account in the Pawtucket Institution for Savings.

April 27, 1921, there was drawn from this account $1,100 and April 29, 1921, the remaining $1,400.

April 29, 1921, the mortgage of $2,500 on the property in Touisset was taken in the name of Henry alone.

There was no testimony on part of respondent in contradiction.

There was some testimony that Margaret's name was accidentally omitted from the deed and mortgage. There was also some testimony that Margaret, in the presence of her husband, told the complainants they would get her share of the property.

At the time Henry executed a deed of one-half of the property on Littlefield Street to respondent, he consulted Harold P. Watjen, a member of the bar of this State, and Watjen testified that Henry told him that he made the same reluctantly and against his will.

As the records stand, it would appear that husband and wife both worked hard and earned money, and that the children while at home and earning money contributed to the family expenses and indirectly contributed toward what money was saved. A resulting trust may arise by operation of law independently of any declaration of trust.

*Hudson* vs. *White*, 17 R. I. 522.

A trust may result from the circumstances of payment alone, even though the grantee made no agreement, oral or written, to hold the estate in trust.

*In re Davis*, 112 Fed. 129.

*Collins* vs. *Corson*, (N. J. 30 Atl. 862.

"A resulting trust does not arise from or depend upon any agreement between the parties. Its very name implies that it is independent of any contract and is raised by the law itself upon a particular state of facts."

*Bruce* vs. *Roney*, 18 Ill. 67.

"The statute of frauds extends to and embraces only trusts created or declared by the parties, and does not affect trusts arising by operation of law."

*Cetenich* vs. *Fuvich*, 41 R. I. 116.

The Court is of the opinion that on the particular state of facts appearing upon the record that complainants have established a resulting trust in an undivided one-half of the real estate described in said bill on Littlefield Street, and a one-half interest in the mortgage and note described.

Decree to that effect may be entered.

For complainants: T. P. Corcoran & C. E. Mangan.

For respondents: Woolley & Blais.