JORDAN PERIC, Petitioner-Appellant, *v.* CHICAGO TITLE & TRUST COMPANY, Trustee, *et al.*, Respondents-Appellees.

First District (3rd Division)    No. 79-1234

Opinion filed September 24, 1980.

Ignaz Kratz, of Chicago, for appellant.

Mark S. Friedman and Jeffrey M. Weston, both of Friedman & Weston, Ltd., of Chicago, for appellees.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Petitioner, Jordan Peric, filed a petition in which he sought to have a resulting trust established in his favor upon certain real property. The trial court entered judgment on the pleadings in favor of respondents Chicago Title & Trust Company, as trustee, and Milovan Peric. We affirm.

Jordan Peric and his father, Cedomir Peric, purchased real property pursuant to an installment contract. Subsequently, Jordan and Cedomir Peric caused the title to the property to be conveyed to the LaSalle National Bank as trustee. Cedomir Peric was named as the sole beneficiary of the trust and Jordan Peric the successor beneficiary. In his petition, Jordan Peric admits that the purpose of the transfer was to prevent the property from being used to satisfy a $60,000 default judgment which had been entered against him. Cedomir Peric was to remain the sole beneficiary of the trust until the lawsuit involving the $60,000 judgment was resolved. However, Cedomir Peric amended the agreement by naming his other son, Milovan, rather than Jordan, as the successor beneficiary. The amendment was made without Jordan Peric's knowledge. Subsequently, Cedomir Peric died and Milovan Peric caused the title to the property to be conveyed to the Chicago Title & Trust Company as trustee under Trust No. 1070151.

Petitioner, Jordan Peric, contends that under the circumstances, a resulting trust in his favor should be placed on the property. Specifically, he claims that the court should (1) declare that he had a one-half interest in the property; (2) order Milovan to convey this interest to him; and (3) order Milovan to account for all rents, issues and profits arising after Cedomir's death. In support of his argument, Jordan Peric claims that he paid one-half of the down-payment for the purchase of the property, one-half of the payments made pursuant to the contract and one-half of the operating and maintenance expenses. He also claims he expended much time in operating and maintaining the property.

■■ ■ We find petitioner's contention untenable. Every transfer of property made with the intent to disturb, delay, hinder or defraud creditors is void as against such creditors. (Ill. Rev. Stat. 1965, ch. 59, par. 4.) However, the transfer is binding on the parties to the transfer and those in privity with them. It cannot be set aside in a suit by the participating grantor. (*Rosenbaum v. Huebner* (1917), 277 Ill. 360, 366, 115 N.E. 558, 560; see *Illinois State Trust Co. v. Jones* (1933), 351 Ill. 498, 506, 184 N.E. 623, 627; *Moore v. Horsley* (1895), 156 Ill. 36, 41, 40 N.E. 323, 325.) The law will not permit a party to deliberately place his property out of his control for a fraudulent purpose and then, through the intervention of a court of equity, assist him in regaining the property after the fraudulent purpose has been accomplished. Rather, it will leave the parties as it finds them. *Hanley v. Hanley* (1958), 14 Ill. 2d 566, 574, 152 N.E.2d 879, 883-84; *Creighton v. Elgin* (1946), 395 Ill. 87, 101, 69 N.E.2d 501, 508-09.

■■ Here, petitioner admits in his pleadings that he conveyed his property in order to keep it from a judgment creditor. Consequently, he may not now seek the assistance of the court to help him avoid the consequences of his voluntary misconduct. Accordingly, the judgment is affirmed.

Affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.