ROBERT E. PRATT, Plaintiff-Appellee, v. MARY I. PRATT WATSON, Defendant-Appellant (Union National Bank of Streator, Defendant).

Third District No. 3—89—0669

Opinion filed August 10, 1990.

Daniel J. Bute, of Ottawa, for appellant.

58

Melvin Hoffman, of Hoffman, Mueller & Creedon, P.C., of Ottawa, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Robert E. Pratt, filed a petition in which he sought to have a resulting trust established in his favor upon certain real property. The trial court held that the plaintiff was the beneficial owner of the property and entered an order in his favor. The defendant, Mary I. Pratt Watson, appeals. We affirm.

The record shows that prior to 1977 the plaintiff was a co-owner with Albert Baldwin of a certain piece of real estate. The plaintiff and Baldwin each owned a one-half interest, and the real estate taxes were generally paid by Baldwin with the plaintiff providing half of the funds. The 1976 taxes were not paid, however, and the property was subject to a tax sale at which Midwest Land Development Corporation (Midwest) was the successful bidder.

Thereafter, the plaintiff attempted to redeem the property, and Midwest challenged the redemption by filing a petition to expunge the redemption. Two creditors of Baldwin unsuccessfully attempted to intervene in this action. Midwest and the plaintiff then entered into an agreement whereby each was to have a one-half beneficial interest in a land trust set up pursuant to the agreement. Following the advice of his attorney, the plaintiff named the defendant as the nominee beneficiary of the trust in order to insulate himself from Baldwin's creditors.

After the dissolution of the parties' business relationship, the plaintiff requested that the defendant reconvey the property. The defendant refused, and the plaintiff filed a petition requesting that the trial court order the defendant to convey the property to him.

The plaintiff testified at the hearing on his petition that the defendant knew the land was not hers and that it was to be reconveyed to him at a later date. He also testified that this was not the first time such an arrangement had been made between the parties and that on the prior occasion the defendant had reconveyed the property to him. This testimony was corroborated by the plaintiff's attorney, Michael Gulo.

The defendant, who was the plaintiff's daughter, office manager, secretary, and agent, testified that it was not her understanding that she was to reconvey the property to the plaintiff. She stated that it was her understanding that the plaintiff had given the property to her. In addition, she testified that at no time was she informed that she was a mere nominee and not the owner of the property.

Other evidence showed that the defendant, while acting as the plaintiff's agent, had often signed papers on the plaintiff's behalf. In addition, no evidence was presented establishing that any creditors of the plaintiff had any present or possible future interest in the property.

Following the hearing, the trial court specifically found that the conveyance to the defendant was not a gift. In addition, it found that the plaintiff had no creditors at the time the property was conveyed. The court therefore imposed a resulting trust in favor of the plaintiff on the defendant's interest in the trust.

On appeal, the defendant first argues that the conveyance was a gift.

■■ ■ Whenever the validity of an *inter vivos* gift is questioned, the donee has the burden of proving by clear and convincing evidence the validity of the gift. In addition, if it appears that the donee was a fiduciary of the donor, then the proof must be even more clear, convincing, and unequivocal. (*In re Estate of Ray* (1972), 7 Ill. App. 3d 433, 287 N.E.2d 144.) To establish the existence of a valid gift, the donee must show that the donor intended to convey a gift. A trial court's finding that a gift did not occur will not be disturbed on appeal unless the record as a whole clearly shows the contrary. *Cuellar v. Cope* (1974), 17 Ill. App. 3d·743, 308 N.E.2d 213.

■ The record in this case establishes that the plaintiff entrusted his business affairs to the defendant. From this evidence the trial court found that a fiduciary relationship existed between the parties. Neither party contests this finding, and we find no error with it. (*Carey Electric Contracting, Inc. v. First National Bank* (1979), 74 Ill. App. 3d 233, 392 N.E.2d 759.) As such, the defendant was obligated to prove the gift by evidence which was "more clear, convincing, and unequivocal" than ordinarily necessary.

■ The testimony of the plaintiff and Mr. Gulo indicated that the plaintiff did not intend to give the property interest to the defendant. Further support for this position is found in the fact that the parties had entered into such an agreement in the past and the defendant had understood that the conveyance was a business transaction and not a gift. Although the defendant presented conflicting evidence, we find that this only created a credibility issue best left to the trial court for resolution. We therefore conclude that there was a sufficient basis in the record to support the trial court's finding that the plaintiff did not intend to give the defendant the property interest.

The defendant next argues that the plaintiff's conveyance to her was a fraudulent conveyance meant to hinder or defraud his creditors

and as such was binding on the parties to the transfer.

■ Every transfer of property made with the intent to disturb, delay, hinder, or defraud creditors is void as against such creditors. (Ill. Rev. Stat. 1987, ch. 59, par. 4.) As a general rule, however, the transfer is binding on the parties to the transfer since the law will not permit a party to deliberately place his property out of his control for a fraudulent purpose and then, through the intervention of a court of equity, assist him in regaining the property after the fraudulent purpose has been accomplished. Rather, it will leave the parties as it finds them. (*Peric v. Chicago Title & Trust Co.* (1980), 89 Ill. App. 3d 271, 411 N.E.2d 934.) The exception to this rule is that if no actual fraud has occurred and no creditors were threatened, damaged, or hindered, then the court can properly reconvey the property to the transferor. See *Rossow v. Peters* (1917), 277 Ill. 436, 115 N.E. 524; Annot., 6 A.L.R.4th 862 (1981).

■ In the case at hand, the evidence showed that the plaintiff used the defendant as a nominee in an attempt to protect his property from Baldwin's creditors. However, no evidence was presented showing that the plaintiff actually defrauded any creditors. In fact, no evidence was presented establishing that he had any creditors with any interest in the conveyed property. Therefore, we find that the trial court did not err in holding that the plaintiff was entitled to the property since no fraud occurred in this case.

In conclusion, we hold that the trial court did not err in finding that the conveyed property was not a gift and in ordering a resulting trust established in the plaintiff's favor.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.