### In re Estate of John Trapp, Deceased.

270

Opinion filed January 23, 1933. Rehearing denied February 25, 1933.

J. A. LAMKIN, for appellant.

P. J. KOLB, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

During the summer of 1928, John Trapp and Matilda Trapp, of Wabash county, were wedded, it being the

second marriage for both parties. Each at the time was possessed of considerable property, he having several thousand dollars in notes, and certain chattels, while she had a home near Mt. Carmel, which had come to her through her first husband. After the marriage, Mr. Trapp moved to the residence of his wife, where he lived until his death on September 9, 1930, and during which time he improved her place by installing electric lights, a water system and bath, and the addition of a furnace, spending for same in the neighborhood of $800.

In August of 1930, Mr. Trapp was taken ill with what proved to be his last sickness; he lingered for three weeks, when he died. About August 15th, he asked his son Oliver, one of the appellees, to get a lawyer for him, as he desired to arrange some business matters. The son called at the law office of Mr. Kolb of Mt. Carmel. The attorney not being in, the son so reported to the father, who then said not to mind, as he would be getting better, and attend to it himself. Mr. Trapp grew worse, required the care of an attendant, and his children took turns sitting up with him at night.

The proof shows that on the night of August 27, Oliver and his wife were attending the father; that the latter arose from his bed, went to a closet off the room, took from an overcoat pocket a package of notes amounting to $7,400, in his favor, severally executed by his sons, Peter, Ben and Sylvester, and his son-in-law Herman Steckler, gave them to Oliver, telling him to see that his debts, amounting to about $1,400, were paid; that the balance of the proceeds of the notes be distributed equally among his nine children and one grandchild, the son of a deceased son, and then turn the notes back to the makers. Oliver took the notes, retained them until September 15, or six days after the death of John Trapp, when he and the other children

accounted together, arranged to pay the debts of deceased, including funeral expenses, and divided the proceeds of the notes, first deducting the amount of debts; after which the notes were returned to the makers.

Matilda Trapp, having been appointed administratrix of her husband's estate (he having died intestate), filed a petition in the county court against the appellees, Oliver Trapp, Peter Trapp and Sylvester Trapp, under section 81 of the Administration Act, Cahill's St. ch. 3, ¶ 82, for the discovery of assets, and particularly to reach the promissory notes in question. The court, after a hearing, denied the prayer of the petition; the administratrix appealed to the circuit court, where again the cause was heard, and the issue found in favor of the appellees. From an order to that effect, she has prosecuted this further appeal.

Appellant, in her brief and argument, tersely states that the decision of the case turns upon the question whether Oliver Trapp was agent for the decedent, or was acting as trustee for the beneficiaries. With this declaration, we agree. It then becomes necessary to determine whether John Trapp, at the time he delivered the notes to Oliver, and directed him as to their disposition, made the son his own agent, or whether he thereby created him a trustee of the fund, represented by the notes, for the benefit of his said grandchild and his nine children, of whom Oliver was one.

It will be observed that the deceased did not, by any word or act, indicate that he retained a right of recall of the notes, or that he reserved any control over or beneficial interest in them. He appeared to yield all dominion over the instruments, and it seems reasonably clear that his intent was to pass at once, to his children and grandchild, the ownership of the fund represented by the notes, less the amount of his

debts; and that Oliver was the trustee of the securities, for their future division, as directed by Mr. Trapp.

The law seems to be well settled that where a person understandingly and clearly makes evident a purpose to present others with personal property, and in consummation of the purpose, delivers same to a third party for the benefit of the intended donees, relinquishing all dominion and control over the property, the person to whom the delivery is made, in the absence of controverting circumstances, is regarded, in law, as trustee for the donees, and not as agent of the donor; and where, in addition, as here, the person to whom the delivery is made is one of the beneficiaries, and receives the deposit as trustee, coupled with an interest, it follows that he takes and holds the property as trustee for the donees. *Martin v. McCullough,* 136 Ind. 331, 34 N. E. 819; *Mollison v. Rittgers,* 140 Iowa 365, 118 N. W. 512. It seems clear that Oliver Trapp was a trustee of the fund for the beneficiaries, and not the agent of his father.

The rule is that "title to personal property by gift may be passed by delivery of it by the owner to another as trustee for the donee. In such case, delivery to the trustee is deemed, in law, delivery to the donee, and divests the donor of all control over or right or title in the property, and the gift is irrevocable. When a trust has been perfectly created, it is not revocable by the death nor at the will of the party who created it." *Trubey v. Pease,* 240 Ill. 513, at page 521; *Light v. Scott,* 88 Ill. 239.

The acceptance, by a donee, of a gift which is beneficial to him, will be presumed; and the presumption prevails, in the absence of a showing to the contrary. If the gift is to a third party, as trustee for the beneficiary, this presumption will obtain, although the latter have no knowledge of the transaction. In such

case the acceptance of the trustee inures to the benefit of the donee. *Warner v. Keiser,* 93 Ind. App. 547, 177 N. E. 369; *Martin v. McCullough, supra; In re Stockham's Estate,* 193 Iowa 823, 186 N. W. 650. Here, the gift was to the advantage of the beneficiaries, and there appearing no circumstances to show that they rejected same, within the rule as stated, their acceptance is implied.

For the reasons stated, we are of opinion that John Trapp created Oliver Trapp a trustee for the benefit of the intended donees, of the proceeds of the notes, less the amount of the indebtedness of the deceased; that his action divested him of all control over, or right, to the property, and that his death before the actual distribution of the funds, and the return of the notes to their makers, did not work a revocation of the gift.

Appellant also argues that a confidential relation existed between Oliver Trapp and his father, and that as a consequence, the burden was thus cast upon appellees to so clearly and unequivocally establish the gift, that no contrary suspicion might arise, and that such quantum of proof is lacking. Upon a careful examination of the record, we fail to find any evidence of the existence of a confidential relation, as claimed. Nothing more than the ordinary family affiliations seems to have existed between the children and their father; they were severally, in turn, caring for him and trying to ease the suffering of his last illness, nothing more than would be expected of any dutiful and affectionate child. Where this is true, there is no fiduciary relation. *Bishop v. Hilliard,* 227 Ill. 382.

Upon a consideration of the record, it is our conclusion that the trial court rightly dismissed the petition, and its judgment in so doing will be affirmed.

*Judgment affirmed.*