Mary Rinehart, by Elizabeth E. Huff, her Conservator, Plaintiff-Appellant, v. Harry Rinehart, Individually and as Executor of Estate of Thomas Rinehart, Deceased; Coy E. Sumpter, and Carlinville National Bank, Defendants-Appellees.

Gen. No. 10,116.

Third District.

May 20, 1957.

Rehearing denied July 15, 1957.

Released for publication July 15, 1957.

Busch & Harrington, of Champaign (Earl C. Harrington, and Thomas E. Harrington, both of Champaign, of counsel) for plaintiff-appellant.

Alvin G. Whitehouse, of Gillespie, for defendants-appellees.

JUDGE CARROLL delivered the opinion of the court.

This action arises out of a dispute over the ownership of the proceeds of a contract for the sale of real estate.

On November 9, 1953, Thomas Rinehart and Mary Rinehart, his wife, the owners as tenants in common of 100 acres of farm land in Macoupin County, Illinois, entered into a contract to sell the same to Coy E. Sumpter. The selling price was $26,000 which the purchasers agreed to pay as follows: The sum of $4,000 in cash upon the signing of the contract, and the balance of $22,000 to be paid in annual installments of $2,000, the first of which was due January 1, 1955 and similar payments on the first of each succeeding January 1 until the total balance was paid in full.

The sale contract in addition to the customary cove-nants found in such instruments, contains the following provisions:

"The first parties have executed and deposited with the said Carlinville National Bank a warranty deed to second party and a copy of this contract and said bank shall deliver as herein required, less such closing costs as are by law required." . . .

"Payments as herein required of second party shall be paid to said bank and deposited in the name of Thomas R. Rinehart in a checking account in said bank. . ."

A copy of said contract and the deed to Sumpter were deposited with the Carlinville National Bank.

On November 1, 1954, the parties executed an amendment to their contract by which the date of payment of the first annual installment of $2,000 was deferred to January 1, 1956. On November 9, 1953, the purchaser paid $880 as interest for which sum the bank issued a certificate of deposit payable to Thomas Rinehart. This certificate was not delivered to the payee therein but was placed on a spindle in the bank where it still remains.

On January 25, 1955, Thomas Rinehart died, leaving a Last Will and Testament in which Harry Rinehart, son of the testator, was named as sole beneficiary. Mary Rinehart was adjudged incompetent on January 31, 1955 and Elizabeth E. Huff was appointed her Conservator on October 26, 1955. Subsequently, Mary Rinehart by her Conservator, renounced the will of Thomas Rinehart.

On December 9, 1955 Sumpter paid $2,000 on the principal of the contract and $880 interest. The bank deposited this payment in a checking account in the name of Thomas Rinehart and this sum remains on deposit in said account.

The complaint filed herein on December 22, 1955 by the Conservator for Mary Rinehart alleges, in addition to the above facts, substantially that the death of Thomas Rinehart renders inoperative the directions in the contract as to the deposit of the purchase price in a checking account in his name; that the manner in which payments on the contract are to be deposited and carried by the bank is not made clear by the terms of said contract; that the executor of the Thomas Rinehart estate has failed to report to the County Court of Macoupin county the condition of the account with the bank covering payments made under the contract; that the executor has not inventoried or reported to the County Court that Mary Rinehart owns an interest in the real estate covered by the contract or in the proceeds of said contract; that Thomas Rinehart, in whose account the proceeds of the contract were to be deposited, is a trustee of the monies under the contract and deposited in his checking account; that because of his death and to prevent a failure of the trust the Circuit Court should appoint a trustee of the contract payment account; that the plaintiff's ward is the owner as a tenant in common with Harry Rinehart of an undivided two-thirds interest in the real estate described in the contract of sale and in the proceeds of said con-

tract; that the interest of plaintiff's ward should be segregated from that of the estate of Thomas Rinehart, deceased and administered under direction of the Circuit Court. Joined as parties defendant are Harry Rinehart, individually and as executor of the estate of Thomas Rinehart, deceased, Coy E. Sumpter and Carlinville National Bank. The relief prayed in the complaint is a declaratory judgment determining the interests of all parties under the contract and in addition the appointment of a trustee to receive the purchase monies payable under the contract and to divide the same between plaintiff's ward and the Thomas Rinehart estate according to the respective interests of each therein as determined by the court.

Upon answer being filed, the court heard the evidence and entered a decree in favor of the defendants. In its decree the court found that under the contract, Mary Rinehart intended to and did actually assign, transfer and convey all of her interest therein, and all monies payable thereunder to her husband, Thomas Rinehart, and that as a result all monies due and to become due under said contract became and are the sole property of Thomas Rinehart; and that plaintiff having renounced the will of Thomas Rinehart, is entitled to a one-third interest in his estate including the proceeds of the contract deposited with the Carlinville National Bank.

Plaintiff appeals from the decree contending that the trial court erred in holding as it did that Mary Rinehart made a gift inter vivos to Thomas Rinehart of her interest in the contract.

Where it is sought to show that a transaction constituted a gift inter vivos, proof as to certain elements must be made. An essential fact which must be established is the delivery of the property by the donor to the donee with the intent to pass title. As stated by the court in In re Estate of Meyer, 317 Ill. App. 96:

120

"To constitute a gift *inter vivos* there must be a delivery of the property and a parting with all present and future domination over it, and it is essential to the validity of the gift that it be absolute and irrevocable. It is not essential that the delivery be made directly to the donee but a valid delivery may be made to a third party for the donee. The delivery, however, must be with the intention of vesting the title absolutely and irrevocably in the donee and the donor must relinquish all present and future dominion and power over the subject matter of the gift. If the gift is not completed during the lifetime of the donor his death revokes the part which has been performed. There must be the intention of making a gift, but intention alone, that the donee shall have the property does not make a gift. The delivery of the subject of the gift into the possession of the donee or some third person for his benefit is essential, and the delivery must be with the intention of vesting the title and the immediate right of possession of the property in the donee or it will be insufficient. (Citing cases.)"

▉ It is also a rule that the law never presumes a gift and the burden is upon the alleged donee to establish the existence of a donative intent and the proof thereof must be clear and convincing. In re Estate of Schneider, 6 Ill.2d 180; Bolton v. Bolton, 306 Ill. 473.

In view of the above well established rules the problem confronting the court in this case is that of ascertaining from the facts whether plaintiff delivered her one-half interest in the contract and proceeds thereof to Thomas Rinehart with the intent of vesting in him the title thereto. It is undisputed in the record that plaintiff owned an undivided one-half interest in the real estate described in the contract. This fact renders immaterial evidence as to whether she paid anything for such interest or whether she exercised any control over the farm. The property in controversy was the contract which in itself removes any question as to

121

the ownership of the real estate sold thereunder. It recites that plaintiff and Thomas Rinehart agree to convey certain real estate to Coy E. Sumpter for the sum of $26,000 and that Sumpter agrees to pay said purchase price to the Rineharts. The only parties to the contract are plaintiff, Thomas Rinehart and Coy E. Sumpter. Although the agreement recites that the Rineharts had executed and deposited a deed with the Carlinville National Bank to be delivered by it to Sumpter upon payment of the purchase price, the bank was not a party to the agreement. The only agreement between the parties to the contract and the bank was that concerning the deposit of the deed and contract. The subject matter of the contract was a real estate sale transaction and as might be expected, it contained the covenants of the parties. It is also provided in the contract that in case of default by the purchaser, payments therein shall be forfeited by him and retained by the Rineharts who shall have the right to retake possession of the farm. The contract bears no assignment of plaintiff's interest therein and there appears to be no proof of any such assignment by any collateral instrument. The contract is complete and its terms are unambiguous.

It also appears from the contract that the terms thereof with reference to payments thereunder apply to the purchaser rather than the bank. The contract plainly recites that the payments required of the purchaser thereunder shall be paid by said purchaser to the bank and deposited in a checking account in the name of Thomas Rinehart. This must be taken to reflect the agreement between the Rineharts and Sumpter and if there is any significance in the fact that the payments were required to be deposited in an account in the name of Thomas Rinehart the same is not reflected by the contract. These directions constituted a part of the agreement between the Rineharts and the

purchaser and obviously are susceptible of no interpretation other than that of requiring Sumpter to make his payments at the bank.

Charles H. Ashworth, cashier of the bank, testified that M. E. Hebron, the attorney who prepared the contract, delivered it and the deed to the bank; that Hebron told the witness that the instruments were to be held in escrow; that when the amount agreed upon was paid by Sumpter the bank was to give Thomas Rinehart credit for it in his account; that although plaintiff was present she said nothing. This witness further testified that the interest payment of $880 paid on November 9, 1953 was not deposited in a checking account as provided in the contract but that a certificate of deposit was issued in the name of Thomas Rinehart; that this payment has never been deposited in the Thomas Rinehart checking account; and that a checking account in the name of Thomas Rinehart was not opened in the bank until December 9, 1955 when Sumpter paid $2880 on the contract. Thus, it appears that at the time the first deposit was made pursuant to the contract directions, plaintiff was incompetent and Thomas Rinehart was deceased.

■ ■ We think the foregoing facts clearly demonstrate that by the deposit of the contract and deed, Thomas and Mary Rinehart created an escrow. An escrow has been defined to be a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promissor or obligor, or his agent with a stranger or third party, to be kept by the depository until the performance of a condition or the happening of a certain event and then to be delivered over to the grantee, promisee or obligee. Merchants National Bank of Aurora v. Frazier, 329 Ill. App. 191. Upon the making of the deposit, the bank as escrowee, became the trustee for both the Rineharts and Sumpter. The duty imposed upon the bank under

the escrow was to hold the deed until the conditions of the contract were met and then deliver the same to Sumpter. The subject matter of the escrow was the deed and contract. These two instruments were the only property delivered to the bank under the escrow by either Thomas or Mary Rinehart. When the balance due on the contract was paid by Sumpter and the deed delivered, the escrow agreement would be fully performed and terminated. The proceeds of the contract were not included as a part of the escrow. The contract provided that the payments were to be deposited in the bank in the name of Thomas Rinehart.

To sustain defendants' theory that Mary Rinehart made a valid gift inter vivos to her husband of her interest in the contract and proceeds thereof, it was incumbent upon defendants to establish by clear proof that she delivered the same to her husband or to the bank as trustee for him with an intent on her part at that time to vest in him irrevocably the title to her interest in the said contract and proceeds thereof. Since the facts in this case show only a deposit of the contract by Mary and Thomas Rinehart with the bank as escrowee, proof of delivery by Mary Rinehart with donative intent, an essential element of a gift inter vivos, is lacking.

The undisputed facts tend only to prove that the purpose sought to be accomplished by the Rineharts on the occasion of their visit to the bank on or about November 9, 1953 was the depositing of the deed and contract in escrow. Conspicuously absent in the record is any evidence that Mary Rinehart said or did anything at the time the contract was turned over to the bank. To construe her silence as indicative of an intent to give her one-half interest in the proceeds of the contract to her husband would mean indulging in a presumption entirely unwarranted under the circumstances. The law never presumes a gift and the burden of proving facts required to create a valid gift inter

vivos is on the donee. In re Estate of Meyer, supra. If there is any significance which may be attached to the failure of Mary Rinehart to make any comments at the time the escrow deposit was made, it would seem to be that of confirming the conclusion that she did not intelligently and understandingly make a gift to Thomas Rinehart of her one-half interest in the contract.

The case of In re Estate of John Trapp, 269 Ill. App. 269 is cited in support of defendants' theory that there was a delivery of the contract to the bank as trustee for the donee. We regard this case as unapplicable to the facts appearing herein. In the Trapp case, the subject matter of the gift was a package of notes and there was no dispute as to the fact that the donor actually delivered said notes to the donee; and that he did it understandingly with a proven intent to vest title in the donee. Examination of other cases cited by appellees likewise disclose the existence of facts which are not found in the instant case.

Upon a review of this record, there is reasonably suggested a question as to why, if it were the intention of Mary Rinehart to make a gift to Thomas Rinehart of her interest in the contract, she did not assign her interest in the contract to him. The instrument was prepared by an attorney and it is only reasonable to assume that if Mary Rinehart was desirious of making a gift of her interest therein to Thomas Rinehart, as appellees now claim, that such attorney would have suggested that she execute an assignment to her husband of her share in the contract and proceeds thereof.

■■■ Upon a review of this record we are satisfied that it does not disclose clear and convincing proof of the essential elements necessary to establish that Mary Rinehart made a valid gift inter vivos to her husband Thomas Rinehart and in so decreeing the trial court erred.

For the reasons above indicated, the decree of the Circuit Court is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.