(No. 35082.—

LILLIAN E. KRAFT, Appellant, *vs.* MARY L. KRETCHMAN *et al.*, Appellees.

*Opinion filed May 22, 1959—Rehearing denied September 22, 1959.*

A. J. REFAKES, of Chicago, and RICHARD C. HAMPER, of Aurora, for appellant.

ALBERT M. SHEPPARD, and MELVIN B. LEWIS, both of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:
Lillian E. Kraft, plaintiff, appeals from a decree of the circuit court dismissing her second amended complaint wherein she sought to impress a trust upon certain Chicago real estate. A freehold is involved.

The complaint alleged that on August 14, 1948, Frances Krzyzewski conveyed the property to one Alice Smith, who reconveyed it to Mrs. Krzyzewski and two of her seven children, Frank Kraft and Mary Kretchman, in joint tenancy; that the deeds were given pursuant to an oral agreement whereby Frank and Mary were to hold the same in trust for their mother during her lifetime and that upon her death, they were to convey to each of the other children an undivided 1/7 interest; that at the time of the conveyance, Mrs. Krzyzewski was over 80 years of age and in poor health, and was dependent upon her children, including Frank and Mary, for assistance in her domestic life

and in the management of her business affairs; and that by reason of this relationship between the children and their mother, all of the children, including Frank and Mary, were in a fiduciary relationship with their mother, and with each other. The complaint further alleged that Mrs. Krzyzewski died about two years later and that Frank died shortly thereafter, so that Mary was the surviving joint tenant and the holder of the legal title. Plaintiff is the widow of Frank Kraft, and claims that she is entitled to whatever equitable interest in the property Frank owned at the time of his death. It was asserted that by reason of the fiduciary relationship and the oral agreement, that Mary holds title in trust for the benefit of herself and the other children or their heirs, and that plaintiff is entitled to an undivided one-seventh interest in the real estate and in the rents and profits since Mrs. Krzyzewski's death.

The joint answer of Mary L. Kretchman and three of her five sisters, who are all parties defendant, admitted the execution of the deed, denied any oral agreement that the property was to be held for the benefit of all the children and denied the existence of a fiduciary relationship.

At the hearing before the master, plaintiff called Mary Kretchman and two of her sisters as adverse witnesses under section 60 of the Civil Practice Act, a procedure very similar to that used by the plaintiffs in *Kapraun* v. *Kapraun*, 12 Ill.2d 348. Mrs. Kretchman testified that her mother was in excellent health for her age at the time the deeds in question were executed; that she had never helped her mother in the conduct of the mother's business affairs; that her mother collected the rents from the property here involved until her death; and that to the best of her knowledge, none of the other children assisted their mother with her business affairs. In connection with the deeds, Mrs. Kretchman testified that she and her brother, Frank Kraft, together with her sisters, Pearl Maricle, Rose Proctor and Florence Dressler met in a real-estate office at her mother's

request. The deeds were executed and Mrs. Krzyzewski's deed to Alice Smith was witnessed by Mrs. Proctor and Mrs. Maricle. She further testified that she could not recall any conversation with her mother at the time relating to the purpose of the deeds.

Mrs. Dressler testified that she was present at the meeting in the real-estate office but did not recall any of the conversation; that after the death of her mother and Frank, she collected the rents from the property and deposited them in a bank account in her own name; that all bills in connection with the property were paid from such account; that every year she made a distribution of the net proceeds to all of the sisters and that no distribution was ever made to plaintiff. She testified that she was paid $18 per month for her services and that she did all this at the direction of Mrs. Kretchman.

Rose Proctor testified under section 60 that she witnessed the deed. She also testified that her mother was in very good health at the time and all of the children thought it was very good that she could take care of herself so well. She denied having any recollection of any conversation at the time regarding the property. To impeach Mrs. Proctor's testimony, portions of her discovery deposition were read in evidence in which she stated that there was a discussion at the time of the meeting; that it was the "understanding" that Frank and Mary were to hold title for the rest of the children; that it was decided that someone else should be on the title with the mother; that this was thought advisable because the mother was 83 years old but felt herself that she needed some help; and that it was the mother's idea to put the title in joint tenancy.

The deposition of Mrs. Maricle, who lived in Wisconsin, was introduced in evidence. She testified that she signed the deed as a witness and that she did not really understand what the deeds meant but she thought that the purpose was to help the mother out in the management of the property.

The defendants offered no evidence and moved to dismiss the complaint for want of equity. The master found that plaintiff had failed to prove the existence of an express trust; had failed to prove a fiduciary relationship, and that there had been no proof of facts sufficient to raise a resulting trust or a constructive trust. The court overruled exceptions to the master's report and entered the decree appealed from, dismissing the complaint for want of equity.

On this appeal, plaintiff proceeds on three inconsistent theories. First, it is contended that there was an express trust; second, that a resulting trust arose as a matter of law; and third, that by reason of the alleged fiduciary relationship a constructive trust existed.

Plaintiff recognizes that, since the subject matter of the alleged trust is real estate, the Statute of Frauds requires an instrument in writing before an express trust can be enforced. She contends that a letter prepared and signed at the same time as the deeds satisfies this requirement. The letter addressed to Mrs. Frank Luder and Mrs. Ann Moore, two other sisters who were not present at the meeting, was signed by the four daughters and Frank, and reads as follows:

"Dear Sisters:

We are all gathered here together at the request of mother and she wishes to have her property located on Belden Avenue transferred so as to put it in Joint Tenancy with Frank, Mary and herself.

The bank account at Main State Bank has also been put in Joint Tenancy with Frank and Florence.

We feel that you should be notified of this and trust that you approve of Mother's decision."

To create an express trust, the instrument must describe with certainty the subject matter, the beneficiaries, the nature of the beneficiaries' interests and the manner in which the trust is to be performed. (*Tucker* v. *Countryman,* 414 Ill. 215; *Marble* v. *Estate of Marble,* 304 Ill. 229.) The letter in question fails to meet these require-

ments. The trial judge correctly held that the evidence failed to establish an express trust.

In support of her alternate theory that a resulting trust was created, plaintiff argues that since Mrs. Krzyzewski was the owner of the property at the time when she conveyed it to Alice Smith, she furnished the consideration for the transfer and therefore a resulting trust arose in her favor when Alice Smith reconveyed to the three in joint tenancy. A similar situation was presented in *Kohlhaas* v. *Smith,* 408 Ill. 535. There, the father had owned the property for 20 years. He conveyed it to a straw party without consideration, who in turn conveyed it back to the father and his son as joint tenants. Following the father's death, a daughter sued to establish a trust. We held that the doctrine involving a purchase by one party with title being put in the name of another had no application since the father was already the owner. In any event, it is well established that where the conveyance is to a child of the party furnishing the consideration, there is a presumption that the conveyance was intended as a gift or advancement and the burden is on those seeking to impose a trust to rebut the presumption by clear, convincing and satisfactory proof, and if the evidence is doubtful or capable of reasonable explanation upon any other theory, this burden is not sustained. (*Houdek* v. *Ehrenberger,* 397 Ill. 62.) The evidence here, consisting only of a vague "understanding" by two of the witnesses that the conveyances were "to help mother" or "for the benefit of the family," is insufficient to sustain the burden imposed upon the plaintiff.

She next contends that a constructive trust arose as a matter of law. Plaintiff disclaims any intent to charge actual fraud or undue influence and, perforce, must rely upon a fiduciary relationship and the alleged abuse of confidence. (*Steinmetz* v. *Kern,* 375 Ill. 616; *Fowley* v. *Braden,* 4 Ill.2d 355; *Kapraun* v. *Kapraun,* 12 Ill.2d 348.) The evidence shows that the mother was in good health for

a woman of her age and that she did not rely upon any of her children for help or advice in the conduct of her affairs. The whole idea of the transfer in joint tenancy was the mother's. She continued to manage the property and collect the rents until her death. We are of the opinion that the trial judge correctly found that no confidential relationship has been established. There being no such relationship, plaintiff's claim of a constructive trust must fail.

One other unique contention is made by plaintiff. It is said that Mrs. Kretchman could have acquired title in one of four ways: (1) by purchase, (2) as a gift, (3) by inheritance, or (4) as trustee. Plaintiff eliminates purchase, inheritance and gift and continues that, by the process of elimination, it must be a trust. Obviously, title was not acquired by purchase or inheritance. To support the contention that there was no gift, plaintiff points out that when Mrs. Kretchman was asked whether it was a gift she said that it was not. She explained this answer by saying that it was by way of a deed to Alice Smith and a joint-tenancy deed with her mother, Frank and herself. The witness's statement that she did not acquire the property as a gift was a conclusion and is entitled to little weight. The law implies a gift in the absence of clear and convicing evidence to the contrary. The proof made here fails to meet that standard.

Defendants attach to their brief a motion to tax costs and fees against plaintiff, charging distortion in her abstract and brief. They concede that they find no precedent, but suggest that we allow the motion to accomplish substantial justice and to regulate practice. Such motion does not comply with our rules and is denied.

For the reasons assigned, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*