MARGARETTE B. SCHNEIDER, Plaintiff-Appellee, *v.* CLAUDE JACKSON, Defendant-Appellant.

(No. 56741;

First District—November 2, 1972.

*Rehearing denied December 8, 1972.*

Washington, Kennon, Bryant & Hunter, of Chicago, for appellant.

Jacobs, Lieberman & Aling, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from a judgment of the circuit court sitting without a jury which found defendant owing $11,960.25 on an oral contract with plaintiff. Plaintiff was the mother-in-law of defendant by a marriage now terminated in divorce. Defendant argues that insufficient evidence was introduced on the issue of whether contracts existed, that payments to or on behalf of plaintiff's daughter (defendant's former wife) are presumed to be gifts, and finally that the court erred by refusing to permit argument on this latter point at the close of evidence.

We affirm.

The relevant facts are as follows: Plaintiff's daughter married defendant in Germany in 1958 while defendant was serving in the armed forces. After returning to the United States, defendant and his wife sent their child over to Germany to visit with his grandmother, the plaintiff. She returned with the child in March of 1961 and remained with her daughter and defendant until June of 1963. At that time she returned to Germany and sold certain German real estate which she owned. She returned to the United States in March of 1964 and continued to reside with her daughter and defendant until August, 1967.

During this time, according to the testimony of the plaintiff, she loaned substantial amounts of money to defendant to be invested in various of his real estate ventures. Although she took neither a note witnessing these loans nor discussed interest with the defendant, she testified that it was her understanding that these loans would be repaid upon the sale of the real estate in which he invested.

Other evidence adduced at trial indicated that of the $15,562.98 al-

legedly loaned to defendant by plaintiff, $9,800 of it went to the purchase of real estate held jointly by defendant and plaintiff's daughter; $1,330.88 was paid by check to "Mrs. Claude Jackson," defendant's wife; and defendant paid back $1,918 of the amount borrowed.

It must also be noted that upon the sale of the abovementioned real estate, plaintiff's daughter did not share in the proceeds, nor did she receive portions thereof in settlement of her divorce.

■■ Defendant's first argument is that there wasn't adequate proof of the loans allegedly made to defendant by plaintiff. This argument is without merit because plaintiff's testimony on the issue was unequivocal, and although contradicted by defendant's testimony, was sufficient to support the judgment. It is the province of the trial court as trier of fact to make determinations regarding the credibility of witnesses; and barring a record clearly contrary, we will not disturb its finding. See *Lobravico v. Checker Taxi Co.* (1967), 84 Ill.App.2d 20, 228 N.E.2d 196.

■■ Defendant's second argument is that funds paid to the daughter by check or in which the daughter took a joint interest in real estate purchased thereby should be set off against the amount allegedly due plaintiff because the law presumes them to be a gift. The cases cited by defendant in support of this point are not pertinent as they deal with those instances where a parent places real estate in joint tenancy with a child, having paid for the real estate out of the parent's own funds. The issue in these cases is whether the parent intended a gift to the child. The law presumes a gift. *Varap v. Varap* (1966), 76 Ill.App.2d 402, 222 N.E.2d 77; *Steiner v. Lawson* (1966), 71 Ill.App.2d 392, 219 N.E.2d 121; *Kraft v. Kretchman* (1959), 17 Ill.2d 71, 160 N.E.2d 806.

■■ The case at bar is distinguishable, however, in that not only was there no joint tenancy between the alleged donor and her child, but most importantly, the alleged donor herself testified that no gift was intended and that the money was loaned not to her daughter, but to defendant. Any presumption arising would certainly be refuted by such testimony if believed by the trier of fact.

■■■ Finally, defendant argues that it was error for the court to refuse him time to argue the above after the close of evidence. Any error thereby occurring was rendered harmless for the following reasons: First, defendant was allowed to make this argument as part of his post-trial motions. Second, we find the argument to be without merit. The refusal of a court to allow an argument found to be without merit is harmless to the final disposition of the case. *McKey v. Ester* (1910), 157 Ill.App. 168.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.