EVA CUELLAR, Plaintiff-Appellee, *v.* MARIAN COPE, Defendant-Appellant.

(No. 12162;

Fourth District—February 27, 1974.

Phelps, Russell & Kasten, of Carlinville (Carl E. Kasten, of counsel), for appellant.

Helen D. Moorman, of Land of Lincoln Legal Assistance Foundation, Inc., of Alton (Philip Schickedanz, of Sangamon County Legal Aid, of counsel), for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Plaintiff filed complaint for money damages for conversion of chattels which she left in defendant's home after terminating her employment in defendant's household. The trial court, after a bench trial, entered judgment for the plaintiff in the sum of $524. Defendant appeals contending that the trial court's judgment and findings that there was no gift is against the manifest weight of the evidence, and that plaintiff's testimony was not worthy of belief.

In October 1970 plaintiff came to live with her friend, the defendant, for their mutual convenience in that plaintiff would care for defendant's small child and do housework in exchange for free room and board and at no salary. Shortly thereafter, the plaintiff purchased for $697.37 and had delivered to the home of the defendant, where they both lived, a stove, washer, dryer, and sundry kitchen utensils. The evidence is conflicting as to whether or not the purchase was intended as a gift. Upon leaving the residence of defendant in July 1971 plaintiff did not then remove the chattels, allegedly leaving them on a temporary basis as a favor to defendant. Later, plaintiff made demand of defendant for return of the chattels. The time of the demand was disputed.

Plaintiff paid for the appliances with a check which defendant filled out for her, since plaintiff had eye trouble and an injured arm. The check signed by plaintiff was drawn on a joint account in the name of both plaintiff and defendant, which was opened for the convenience of both parties, due to plaintiff's handicap. Plaintiff had deposited all of the money in the joint account.

■■ The trial court made special findings that there was no gift of the chattels to the defendant and that they were delivered gratuitously to the defendant to be re-delivered to the plaintiff upon request. Where the trial judge finds from all the evidence that a gift did not in fact occur, the findings will not be disturbed on appeal unless the record

as a whole clearly shows to the contrary. *Schneider v. Jackson,* 8 Ill.App. 3d 348, 290 N.E.2d 683.

■■ Although the evidence was conflicting, there was sufficient basis in the record for the trial court's determination that the donee had not shown a gift by clear and convincing evidence, the burden of proof necessary to constitute a showing of a valued *inter vivos* gift. (*In re Estate of Ray,* 7 Ill.App.3d 433, 287 N.E.2d 144.) The plaintiff stated that she bought the appliances as a convenience for herself since she was to do the housekeeping for defendant in exchange for her room and board and that she did not intend to make a gift of the appliances to defendant. Plaintiff also testified that she left the appliances at defendant's premises when she departed because defendant requested her to do so. The undisputed fact that they both occupied the same premises at the time of the purchase and delivery of the chattels to defendant's house does not in any way conclusively or convincingly prove delivery to defendant. To have a valid gift there must be both donative intent and delivery of the subject matter. *Gordon v. Gordon,* 113 Ill.App.2d 191, 252 N.E.2d 17.

■■ The record also reflects that the defendant admitted that the plaintiff was handicapped at the time of the transaction and was unable to write and see well, that plaintiff had created a joint checking account in both their names so defendant could write checks for her. It would appear from the evidence that defendant was a fiduciary of plaintiff and was therefore obligated to prove the gift by evidence which is even "more clear, convincing and unequivocal" than that ordinarily necessary. *In re Estate of Ray.*

Appellant's further contention that plaintiff's testimony was not worthy of belief raises no different issue or theory of recovery. The trial court with its opportunity to see, hear and observe the witnesses and apply its first hand tests of credibility did not agree with this contention. The record does not indicate that the trial court's findings and judgment based thereon should be disturbed on appeal.

■■ A review of the entire record leads us to the conclusion that the question was one of credibility—an issue for the trier of fact. The evidence was more than sufficient to support the court's findings of no gift by the plaintiff. A further discussion of the evidence and issues involved would have no precedential value. Therefore, pursuant to Supreme Court Rule 23 we reject defendant's contention that the evidence was insufficient, and the judgment of the circuit court of Macoupin County is affirmed.

Affirmed.

SMITH, P. J., and SIMKINS, J., concur.